UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 26-61747-CV-DIMITROULEAS

JOSE CARLOS CERON-LOPEZ,

      Petitioner,

v.

CARLOS R. NUNEZ
Assistant Field Office Director,
Immigration and Customs Enforcement,
Custodian of Broward Transitional Center, et. al.,

      Respondents.

_____/

## ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

**THIS CAUSE** is before the Court on Petitioner Jose Carlos Ceron-Lopez ("Petitioner")'s Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 [DE 1], filed June 21, 2026. The Court has considered the Petition [DE 1], the Response [DE 6] and the Reply [DE 7] and is otherwise fully advised in the premises.

### I.    BACKGROUND

Jose Carlos Anibal Ceron-Lopez ("Petitioner") is a native and citizen of El Salvador. He entered the United States at an unknown place and time, but was paroled into the United States on March 13, 2009 until March 12, 2010. After a series of immigration encounters over the course of about fourteen years, an immigration judge entered a final order of removal on February 16, 2023. [DE 6-5]. Petitioner was granted withholding of removal, which requires a showing that Petitioner faced persecution in El Salvador because of his membership in a protected class. *See* 8 U.S.C. § 1231(b)(3). Petitioner did not spend time in detention at the time his removal order was entered because of his withholding of removal. *See* Detention History, [DE 6-10]. Petitioner has no criminal history. [DE 6-1] p. 3

1

On June 16, 2026, ICE encountered Petitioner, issued him a Notice of Revocation of Release, and took him into custody. [DE 6-1]; [DE 6-6]. The Government maintains Petitioner was afforded an informal interview, during which time Petitioner was given an opportunity to respond to the reasons for revocation of his order of supervision. [DE 6-2]. Petitioner stated he would not sign anything without speaking to his attorney, and that he could not return to El Salvador. *Id.* The government transferred Petitioner to a processing center in El Paso, Texas on June 23, 2026. *See* Detention History, [DE 6-10].[1]

## II.      DISCUSSION

Petitioner principally argues that his revocation of his Order of Supervision and subsequent re-detention violates due process and applicable regulations. Petitioner also appears to argue that he should be released under *Zadvydas* as his removal is not reasonably foreseeable considering that he is subject to withholding of removal.

In response, the Government makes several threshold arguments regarding this Court's jurisdiction and Petitioner's standing. The Government also invites the Court to transfer this petition to the Western District of Texas. Finally, the Government argues that Petitioner has been detained for under six months, and so his petition should be denied on the merits. The Government does not respond to Petitioner's notice arguments.

Upon review of the record, the Petition is denied on the merits. Petitioner has not been in detention for over six months that would trigger *Zadvydas* obligations. *See Zadvydas v. Davis*, 533 U.S. 678 (2001). To state a claim under *Zadvydas*, the noncitizen must show post removal order detention in excess of six months, and "also must provide evidence of a good reason to believe

---

[1] Additional background on Petitioner's immigration journey can be found in the Response to the Petition but is not relevant for the purpose of this Order.

that there is no significant likelihood of removal in the reasonably foreseeable future." *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002). At that point, the burden shifts to the government to "respond with evidence sufficient to rebut that showing." *Zadvydas*, 533 U.S. at 701. Petitioner fails to meet prong one of this test. He has only been detained for a total of two weeks and two days as of the date of this Order. *See* [DE 6-10]. Petitioner argues that removal is not reasonably foreseeable due to his withholding of removal, but even if true, Petitioner cannot, at this early juncture, shift the burden to the Government to demonstrate its plans for Petitioner's removal.

Second, assuming that Petitioner was entitled to notice and an informal interview under the applicable regulations, Petitioner admits that he received notice pursuant to § 241.4(l)(2)(iv). But Petitioner argues that the notice was not sufficient because it merely tracked the statutory language and did not provide a reason for revoking Petitioner's Order of Supervision. The Court disagrees with Petitioner that the notice and informal interview that Petitioner received is constitutionally deficient such that release is justified. *See Tran v. Warden,* No. 2:25-CV-1224, 2026 WL 672969, at *6 (M.D. Fla. Mar. 10, 2026) ("By handing [petitioner] a written notice that identified the agency's decision and sitting him down for an interview to present rebuttal evidence, ICE gave him [fair notice and a meaningful opportunity to be heard]") (citing *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976)). Although Petitioner takes issue with the timing with which Petitioner was served with notice, and the substance of that notice, Petitioner nevertheless became aware of the Government's decision to revoke his Order of Supervision and detain him. Moreover, the Government has broad discretion to revoke a non-citizen's Order of Supervision and re-detain him. *See* 8 C.F.R. §§ 241.4(l), 241.13(i).

3

Accordingly, it is **ORDERED AND ADJUDGED** that the Petition [DE 1] is **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida,

this 1st day of July, 2026.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:
Counsel of Record
Email: usafls-immigration@usdoj.gov
Email: usafls-2255@usdoj.gov